UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIM HYDE-RHODES,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CROWLEY,<br><br>Defendant(s). | Case No. 4:20-cv-00298-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

This action was initiated on June 15, 2020 (Dkt.1). On September 17, 2020, Plaintiff Kim Hyde-Rhodes filed a non-issued summons and proof of service purporting to reflect service of process on Defendant Robert Crowley. (Dkt. 36). Plaintiff also filed seven ex parte[1] motions in this case. (Dkt. 9, 17, 18, 19, 21, 22 & 23). As of this date, Defendant Robert Crowley has not entered an appearance in this case.

## ANALYSIS

**A.   Service of Process**

Proper service of process is a prerequisite to the Court's exercise of personal jurisdiction over a defendant. Fed. R. Civ. P. 4(k). In a civil action, the plaintiff is

---

[1] Ex parte motions are requests made to the Court by one party without any notice to the other side.

MEMORANDUM DECISION AND ORDER - 1

responsible for having the summons and complaint served on the defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(c)(2) & (m). A valid summons must: (1) state the name of the court and parties; (2) be directed to the defendant; (3) state the name and address of the plaintiff when the plaintiff is unrepresented; (4) state the time the defendant has to appear and defend against the complaints; (5) notify the defendant that failure to appear will result in a default judgment for the plaintiff; (6) be signed by the clerk; and (7) bear the court's seal. Fed. R. Civ. P. 4(a)(1)(A)-(G).

Service on an individual may be accomplished by anyone over the age of eighteen who is not a party to the action. Fed. R. Civ. P. 4(c). The Federal Rules designate four ways to serve an individual: (1) deliver a copy of the summons and complaint to the individual personally (2) leave copies of the summons and complaint at the individual's dwelling with a person of suitable age who resides there; (3) deliver a copy of the summons and complaint to "an agent authorized by appointment or law to receive service of process;" or (4) follow state law for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e).

Here, service of the summons and complaint was defective for several reasons. First, the summons was not signed by the clerk and does not bear the court's seal. Second, the summons and a copy of the complaint were not provided to the defendant in a manner designated under Rule 4(e). Finally, service cannot be performed by a party to the action. Therefore, the Defendant has not been properly served in this case, and the time for service has expired. Thus, this action is subject to involuntary dismissal pursuant

**MEMORANDUM DECISION AND ORDER - 2**

to Rule 4(m). The Court will extend the time for service 30 days to allow for proper service to be made. If proper service is not made within that time this case will be dismissed without further notice.

**B.     Plaintiff's ex parte motions**

Written motions must generally be served on each of the parties, unless it is an ex parte motion. Fed. R. Civ. P. 5(a). Ex parte motions are legitimate only when there is some genuine urgency, such as an ex parte temporary restraining order, or when there is danger that an opposing party will flee, destroy evidence or hide assets if notified. *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989) (cited with approval in *United States v. Real Property Located at 22 Santa Barbara Dr.*, 264 F.3d 860, 870 (9th Cir. 2001)).

All of the motions pending in this matter were filed before service of process on the Defendant and are therefore ex parte motions. Based on the Court's review of the motions, none of the dangers described above are present. Therefore, the Court will dismiss the motions without prejudice.

## ORDER

**IT IS ORDERED that:**

1.     Plaintiff has 30 days from the date of this order to properly serve the defendant and file notice of service with the Court. Failure to do so will result in this matter being dismissed without further notice.

2.     Plaintiff's Motion to Stay Proceedings to Complete Original Case that

Created this Litigation (Dkt. 9) is **DENIED** without prejudice.

  3. Plaintiff's Motion for a Hearing on Misconduct, Civil Rights Violations, Timeliness, Lack of Due Process, and Specific Intent (Dkt. 17) is **DENIED** without prejudice.

  4. Plaintiff's Motion to Take Judicial Notice and Motion for a Judicial Review (Dkt. 18) is **DENIED** without prejudice.

  5. Plaintiff's Motion to Address Misconduct in Several Cases Here in Jefferson County Cases Due to Violations of Due Process and Timeliness as well as Non-Factual Records (Dkt. 19) is **DENIED** without prejudice.

  6. Plaintiff's Motion to Request a Hearing on Misconduct, Civil Rights Violations, Timeliness, Lack of Due Process and Specific Intent (Dkt. 21) is **DENIED** without prejudice.

  7. Plaintiff's Motion to Take Judicial Notice and Motion for Judicial Review (Dkt. 22) is **DENIED** without prejudice.

  8. Plaintiff's Motion to Stay Proceedings to Complete Original Case that Created this Litigation (Dkt. 30) is **DENIED** without prejudice.

DATED: October 2, 2020

B. Lynn Winmill  
U.S. District Court Judge