UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIM HYDE-RHODES, | Case No. 4:20-cv-00298-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| ROBERT CROWLEY, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Defendant Robert Crowley's motion to dismiss for failure to state a claim (Dkt. 61). Plaintiff Kim Hyde-Rhodes has also filed eleven motions (Dkt. 50, 51, 55, 56, 62, 64, 66, 67, 68, 69 & 71). For the reasons stated below, the Court will grant Defendant's motion to dismiss the Complaint. The Court will deny Hyde-Rhodes' Motion for Court Appointed Attorney (Dkt. 67) and Application to Proceed *In Forma Pauperis*. The remaining motions will be denied as moot.

## BACKGROUND

On June 15, 2020, Plaintiff Kim Hyde-Rhodes, appearing pro se, filed a Complaint against Defendant Robert Crowley, Magistrate Judge for Jefferson

County, Idaho, alleging that Judge Crowley "illegally or unlawfully removed [her children] with no qualifier or due process of law" and as a result violated Hyde-Rhodes' Fourth Amendment and Fourteenth Amendment rights, "right to life, parental rights, right to due process and [her] disability rights." Hyde-Rhodes is seeking monetary damages and the return of her children. (*Compl.*, Dkt. 1 at 2).

Judge Crowley filed a motion to dismiss this action for failure to state a claim. As of the date of this Order, Hyde-Rhodes has not filed a response to the motion. Hyde-Rhodes has also filed 11 motions that are pending in this case.

## ANALYSIS

### A.    Defendant's Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.  *Id*. at 556.  The plausibility

standard is not akin to a "probability requirement," but it asks for more than a

sheer possibility that a defendant has acted unlawfully.  *Id*.  Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short

of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The Supreme Court identified two "working principles" that underlie

*Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not

accept as true, legal conclusions that are couched as factual allegations.  *Id*.  Rule 8

does not "unlock the doors of discovery for a plaintiff armed with nothing more

than conclusions." *Id.* at 678-79.  Second, to survive a motion to dismiss, a

complaint must state a plausible claim for relief.  *Id.* at 679.  "Determining whether

a complaint states a plausible claim for relief will . . . be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense."

*Id.*

A dismissal without leave to amend is improper unless it is beyond doubt

that the complaint "could not be saved by any amendment."  *Harris v. Amgen, Inc.*,

573 F.3d 728, 737 (9th Cir. 2009).  The Ninth Circuit has held that "in dismissals

for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims."  *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

### 1.  Judicial Immunity

In the motion to dismiss, Judge Crowley argues that the Complaint should be dismissed because the plaintiff's claims are barred by Judge Crowley's judicial immunity.  Judges are absolutely immune from civil liability for damages arising from their judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial officers are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief [is] unavailable." [1] 42 U.S.C. § 1983.

---

[1] In other words, if declaratory relief in an action is available, absolute judicial immunity bars all claims for injunctive relief in that action. *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

Absolute immunity applies even when the judge's action was done with "malicious or corrupt motives," or when the exercise of judicial authority is "flawed by the commission of grave procedural errors." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). To determine whether an act is judicial in nature so that immunity applies, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Sparkman*, 435 U.S. at 362. For example, even though Hyde-Rhodes perceives that Judge Crowley may have harmed her, the acts listed in the Complaint appear covered by judicial immunity and are subject to dismissal.  Therefore, the Defendant's motion to dismiss will be granted.  However, the Court will provide the Plaintiff with an opportunity to amend her complaint, as required by Ninth Circuit case law. However, the Plaintiff should only file an amended complaint if she can plausibly allege a claim which is not barred by judicial immunity.   To guide the Plaintiff, the Court will briefly describe the kinds of claims which may be properly brought against a judicial officer.

There are two instances where judicial immunity does not apply. To proceed against a judge, Plaintiff must state facts showing the acts fit into one of the following categories.

**MEMORANDUM DECISION AND ORDER - 5**

First, if Plaintiff complains of acts of Judge Crowley that were *not* a normal part of court proceedings, she must file an amended complaint specifying each act and the reason it should be classified as "nonjudicial in nature." For example, when a judge left the bench and used physical force to evict a person from the courtroom, the Ninth Circuit Court of Appeals held that the judge performed a nonjudicial act. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a plaintiff alleged that the judge *ordered officers* to forcibly seize and bring plaintiff into the courtroom, judicial immunity applied, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly." *Id*. "A judge will not be deprived of immunity because the action he *took was in error, was done maliciously, or was in excess of his authority*." *Id.*

The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly

before him. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump,* 435 U.S. at 357.

In reviewing an allegation that a judge acted in the clear absence of all jurisdiction, the Court considers whether the judge was acting beyond the scope of the subject matter jurisdiction of the court in which he presided. *See Sparkman*, 435 U.S. at 356-57; *Ashelman*, 793 F.2d at 1076. In *Agnew v. Moody*, 330 F.2d 868, 869-70 (9th Cir. 1964), the Ninth Circuit held that, even though a judge erred in striking a defendant's motion for disqualification rather than adjudicating it, the failure did not deprive the judge of subject matter jurisdiction or judicial immunity.[2]

In considering any claim that Judge Crowley acted in the clear absence of all

---

[2] Though *Agnew* predates *Stump* and *Ashelman*, its holding is consistent with the reasoning and holdings of these later cases governing judicial immunity.

jurisdiction, the Plaintiff encounters a problem which, in all likelihood, cannot be overcome under the facts of this case. Simply put, in Idaho, the state district courts have original jurisdiction over all cases and proceedings in law and in equity. I.C. § 1-705; Idaho Const. art. V, § 20. This strongly suggests that Judge Crowley was acting within the jurisdiction bestowed upon him as a state court judge.

Plaintiff should only file an amended complaint if she can make plausible allegations that meet one of the exceptions to absolute judicial immunity. Any amended complaint that fails to state such an allegation will be dismissed.

### B.   Whether Plaintiff's Claims Can or Should be Heard in Federal Court

Plaintiff's claims all seem tied to one or more state court actions related to custody of her minor sons. This subject matter and the procedural posture of the cases requires the Court to determine whether the federal court can or should hear the matters at this time, or at all.

### 1.  Challenges to State Court's Actions that Have Concluded

First, federal courts cannot hear anew claims already adjudicated by the state courts. Whether federal subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). Federal courts have no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those

challenges allege that the state court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "This rule applies even though ... the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted); s*ee also Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923) (holding that lower United States federal courts may not sit in direct review of state court decisions). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986). This rule of law is known as the "*Rooker-Feldman* doctrine."

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in "which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citing *Johnson v. De Grandy*, 512, U.S. 997, 1005-06 (1994)). The doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its

judicial decision." *Mann*, 415 F.3d at 1042 (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)). Claims are inextricably intertwined where the relief requested "would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 778–779 (9th Cir. 2012).

Here, Hyde-Rhodes asks the Court to review an issue of child custody and return her children to her care. This would effectively reverse any state court order regarding the custody and care of her children. *See Staley v. Ledbetter*, 837 F.2d 1016, 1017–18 (11th Cir. 1988) (holding that the *Rooker Feldman* doctrine bars federal district courts from reviewing a state court's child custody determination). The Court lacks jurisdiction both to review Judge Crowley's decisions in the state court proceedings and award custody of Hyde-Rhodes' children. Accordingly, the amended complaint must not include any claim which attempts to challenge the state court proceedings and the decision of Judge Crowley regarding the custody of the Plaintiff's children.

### 2.  Challenges to State Court's Actions in Ongoing Cases

There is a "a strong federal policy against federal-court interference with pending state judicial proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Although *Younger* dealt with a federal injunction against a state criminal proceeding, its comity and federalism principles are equally applicable to civil

proceedings where important state interests are implicated. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc*., 477 U.S. 619 (1986).

"Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v. San Francisco,* 145 F.3d 1095, 1103 (9th Cir. 1998) (citing *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 712 (9th Cir.1995)). When these criteria are met, a district court must dismiss the federal action, having "no discretion to grant injunctive relief." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 816 n. 22 (1976).

The United States Supreme Court has declared that "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). In *Moore,* the Court held that the *Younger* abstention was appropriate in the context of state child removal proceedings based on allegations of child abuse. *Id*. The Court observed that federal abstention is preferred in such cases because of the strong state interest in domestic relations, the superior competence of state courts in settling family disputes, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state. *Id.* at 415. *See also Ankenbrandt*, 504 U.S. at 703 ("[t]he whole subject of the domestic relations

of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.").

Ninth Circuit precedent is similar. Abstention is appropriate "when the core issue involves the status of parent and child or husband and wife." *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir.) (affirming abstention and dismissal of action challenging ex-spouse's interference with child custody), *cert. denied*, 484 U.S. 802 (1987); *see also Peterson v. Babbitt*, 708 F.2d 465 (9th Cir. 1983) (per curiam) (affirming abstention and dismissal of suit alleging interference with child visitation). Much like Plaintiff's case, in *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000), the appellate court held that the *Younger* abstention required the federal court to refrain from interference where a mother filed a federal complaint against the California trial court, state trial court judge, and minor child's guardian ad litem, seeking an injunction ordering the state court and judge to vacate certain child custody orders.

If the issue of custody of Hyde-Rhodes' children is still pending before the state courts, then the Court will exercise its discretion and abstain. Therefore, Plaintiff's amended complaint must establish why the Court should not abstain from hearing this case. The failure to do so will result in a dismissal of any claims which relate to pending proceedings in state court.

**C.    Instructions for Amendment**

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading. If Plaintiff files an amended complaint, she must also file a "Motion to Review the Amended Complaint."

If Plaintiff's amendment does not comply with Rule 8 or this Order, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013). If Plaintiff fails to file anything further, her Complaint will be dismissed with prejudice (meaning it cannot be brought again), pursuant to Federal Rule of Civil Procedure 41(b).

**D.    Motion to Appoint Counsel**

Plaintiff Hyde-Rhodes has filed a motion to appoint counsel in this matter. In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To warrant appointment of counsel, the difficulties faced by the pro se litigant must be more burdensome than those "difficulties which any litigant would have in proceeding pro se." *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990). To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2)

the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. However, even if these factors suggest that counsel should be appointed to represent the Plaintiff, the Court has no resources to retain or compensate legal counsel for plaintiffs in civil proceedings. At most, the Court can solicit assistance from attorneys who have expressed a willingness to represent indigent civil plaintiffs. It is far from likely that the Court will be able to identify an attorney willing to volunteer his or her time to represent the Plaintiff in pursuing her claims.

The Court will presently deny without prejudice Plaintiff's Motion for Appointment of Counsel given that it is impossible to determine the likelihood of success on the merits without an amended complaint from Plaintiff. If it seems appropriate at a later date in this litigation, the Court will reconsider the issue and, if appropriate, solicit counsel to represent the Plaintiff.

E.    **Application to Proceed *In Forma Pauperis***

Hyde-Rhodes filed an application to proceed *in forma pauperis*. The circumstances under which an individual is allowed to bring proceedings *in forma pauperis* are set forth in 28 U.S.C. § 1915(a). The statute provides that "any court of the United States may authorize the commencement, prosecution or defense of

any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." Hyde-Rhodes has already paid the filing fee in this case and has, therefore, established that she is financially able to pay the filing fee to commence this action. Section 1915 only provides for the payment of filing fees and service of process. Thus, even if Plaintiff were to be granted IFP status, she would still be required to pay any other costs related to this litigation. Accordingly, the Court will deny Hyde-Rhodes' application to proceed *in forma pauperis*.

**F.**     **Plaintiff's Remaining Motions**

Plaintiff has filed nine other motions in this case. Since there is no cognizable federal claim, these motions are moot and will be dismissed without prejudice. The Court will not entertain any additional motions from Hyde-Rhodes until an amended complaint stating a plausible claim has been filed.

**ORDER**

**IT IS ORDERED that:**

1.     Defendant's Motion to Dismiss (Dkt. 61) is **GRANTED**. The complaint is dismissed without prejudice and with leave to amend.

2.     If she desires to proceed, Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **30**

**days** after entry of this Order.

3.     Plaintiff's Motion for Jefferson County to Follow the Idaho Public Records act (Dkt. 50) is **DENIED** as moot.

4.     Plaintiff's Motion for Jefferson County to Follow the Idaho Public Records act (Dkt. 51) is **DENIED** as moot.

5.     Plaintiff's Motions for Reconsideration, Permission to File Motion for Augmentation, Review, and Judicial Notice (Dkt. 55) are **DENIED** as moot.

6.     Plaintiff's Motion for an Extension on Reply (Dkt. 56) is **DENIED** as moot.

7.     Plaintiff's Complaint and Establishment Petition for Compensation Due to Negligence and Misconduct and the Illegal Kidnapping of My Two Children (Dkt. 62) is **DENIED** as moot.

8.     Motion to Include Audio Attachments into Evidence (Dkt. 64) is **DENIED** as moot.

9.     Motion for Discovery (Dkt. 66) is **DENIED** as moot.

10.     Motion for Court Appointed Attorney/Representation (Dkt. 67) is **DENIED** as moot.

11.     Plaintiff's *In Forma Pauperis* Application (Dkt. 68) is **DENIED**.

12.     Complaint and Establishment Petition for Compensation Due to

        Negligence and Misconduct and the Illegal Kidnapping of My Two

        Children (Dkt. 69) is **DENIED** as moot.

13.     Motion for Relief Emergency Relief Needed (Dkt. 71) is **DENIED** as

        moot.

DATED: February 4, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 17**