UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIM HYDE-RHODES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT CROWLEY,<br><br>　　　　　Defendant. | Case No. 4:20-cv-00298-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

On February 4, 2021, the Court issued a Memorandum Decision and Order granting Defendant Jefferson County Magistrate Judge Robert Crowley's Motion to Dismiss for Failure to State a Claim on judicial immunity grounds. Dkt. 73. The Court granted Plaintiff Kim Hyde-Rhodes leave to file an amended complaint to show that Judge Crowley's actions should not be afforded judicial immunity. Plaintiff has filed an Amended Complaint and submitted supporting documents. Dkts. 76, 75. Also pending before the Court is a Motion to Quash Subpoena filed by Ted Rhodes, Plaintiff's estranged husband. Dkt. 74. Having reviewed Plaintiff's submissions and Ted Rhodes' motion, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## SCREENING STANDARD

The Court is required to review complaints filed in forma pauperis to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(d)(2).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**MEMORANDUM DECISION AND ORDER - 2**

For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

A judge is entitled to absolute judicial immunity for monetary damages for all acts performed in the exercise of judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial officers are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief [is] unavailable."[1] 42 U.S.C. § 1983.

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). Indeed, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

To determine whether an act is judicial in nature so that absolute judicial immunity applies, a court looks to "the nature of the act itself, i.e., whether it is a function

---

[1] In other words, if declaratory relief in an action is available, absolute judicial immunity bars all claims for injunctive relief in that action. *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

**MEMORANDUM DECISION AND ORDER - 3**

normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

There are two instances where judicial immunity does not apply. To proceed against a judge, Plaintiff must state facts showing the acts fit into one of the following categories.

First, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly." *Id*. "A judge will not be deprived of immunity because the action he *took was in error, was done maliciously, or was in excess of his authority*." *Id.* (emphasis added).

The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent

**MEMORANDUM DECISION AND ORDER - 4**

crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump,* 435 U.S. at 357.

In reviewing an allegation that a judge acted in the clear absence of all jurisdiction, the Court considers whether the judge was acting beyond the scope of the subject matter jurisdiction of the court in which he presided. *See Stump*, 435 U.S. at 356-57; *Ashelman*, 793 F.2d at 1076. In *Agnew v. Moody*, 330 F.2d 868, 869-70 (9th Cir. 1964), the Ninth Circuit held that, even though a judge erred in striking a defendant's motion for disqualification rather than adjudicating it, the failure did not deprive the judge of subject matter jurisdiction or judicial immunity.[2]

Second, if Plaintiff complains of acts the judge performed that were *not* a normal part of court proceedings, she must file an amended complaint specifying each act and the reason it should be classified as "nonjudicial" in nature. *Stump*, 435 U.S. at 363. For example, when a judge left the bench and used physical force to evict a person from the courtroom, the Ninth Circuit Court of Appeals held that the judge performed a nonjudicial act. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a plaintiff alleged that the judge *ordered officers* to forcibly seize and bring plaintiff into the courtroom, judicial immunity applied, because a "judge's direction to

---

[2] Though *Agnew* predates *Stump* and *Ashelman*, its holding is consistent with the reasoning and holdings of these later cases governing judicial immunity.

**MEMORANDUM DECISION AND ORDER - 5**

court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

The jurisdiction of magistrate judges is "established by legislation, I.C. §§ 1-2208, 1-2210; under the Idaho Constitution, ID. Const. art. 5, § 2"; by the Rules of the Idaho Supreme Court [see Idaho Court Administrative Rules, which replaced Idaho Rule of Civil Procedure 82]; and "by the rules of the respective district courts." *Marks v. Vehlow*, 105 Idaho 560, 564, 671 P.2d 473, 476 (Idaho 1983). In *State v. Jones*, 115 P.3d 743 (2005), the Idaho Supreme Court explained:

> [M]agistrate judges have general jurisdiction, and the authority for a magistrate judge to hear a case or type of case is purely dependent upon assignment, not jurisdiction.

*Id*. at 746.

Specifically, I.C.A.R. Rule 5(a) provides: "Jurisdiction; Assignment by Order. Jurisdiction of magistrates is the same as that of district judges but assignment of cases to magistrates must be approved by order of a majority of the district judges in the district."

Further, I.C.A.R. Rule 5(b) provides that, pursuant to I.C. § 1-2208, magistrates may be assigned the following types of cases:

> 1. All of the matters and actions designated in Idaho Code Section 1-2208, including any proceeding under title 66, chapter 3, Idaho Code relating to the hospitalization of the mentally ill or title 66, chapter 4, Idaho Code, relating to the care of the developmentally disabled;

**MEMORANDUM DECISION AND ORDER - 6**

> 2. Proceedings under the Child Protective Act, title 16, chapter 16, Idaho Code, and the Safe Haven Act, title 39, chapter 82, Idaho Code;
>
> 3. Proceedings under the Juvenile Corrections Act, title 20, chapter 5, Idaho Code;
>
> 4. Proceedings under the Termination of Parent-Child Relationship Act, title 16, chapter 20, Idaho Code;
>
> 5. All proceedings under Idaho Code Section 18-8002 to determine whether a person refused to take an evidentiary test for concentration of alcohol, drugs or other intoxicating substances when properly requested by a police officer.

I.C.A.R. 5(c) provides that, pursuant to Idaho Code § 1-2210, the following additional types of cases may be assigned to magistrates when approved by the administrative district judge of a judicial district:

> 1. Civil actions regardless of the nature of the action, where the amount of damages or value of the property claimed does not exceed $10,000;
>
> 2. All proceedings involving the custody of minors incidental to divorce proceedings, all adoption proceedings pursuant to title 16, chapter 15, Idaho Code, all paternity proceedings, and all actions for change of name;
>
> 3. All proceedings for divorce, separate maintenance or annulment, including orders to show cause, hearings and issuance of restraining orders; including all child support and

**MEMORANDUM DECISION AND ORDER - 7**

> maintenance proceedings pursuant to title 32, chapter 7, Idaho Code; and proceedings pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, title 32, chapter 11, Idaho Code;
>
> 4. All habeas corpus proceedings regardless of the nature or origin, including all habeas corpus proceedings involved in a criminal proceeding or conviction.[3]

In particular, I.C.A.R. 5(c) provides that magistrates who are also attorneys may exercise jurisdiction over cases under Idaho Code §1-2210(1):

> (a) Civil actions in which the amount of money or damages or the value of property claimed exceeds five thousand dollars ($5,000), except as otherwise authorized by this act;
>
> (b) Criminal proceedings in which the maximum authorized punishment exceeds the punishment authorized for misdemeanors;
>
> (c) All proceedings involving the custody of minors and all habeas corpus proceedings;
>
> (d) Proceedings for divorce, separate maintenance or annulment; and
>
> (e) Proceedings in quo warranto, or for injunction, prohibition, mandamus, ne exeat, or appointment of a receiver.

Seventh Judicial District Local Rule 6 authorize magistrate judges to adjudicate:

> a. All matters enumerated in Idaho Court Administrative Rule 5(b) and (c).
>
> b. All matters enumerated in Idaho Court Administrative Rule 5.1(a) and(b) [certain criminal matters].

---

[3] Idaho Court Administrative Rule 5 was amended December 14, 2017, effective January 1, 2018.

**MEMORANDUM DECISION AND ORDER - 8**

  c. All proceedings under Title 15, Idaho Code (The Uniform Probate Code).

## REVIEW OF AMENDED COMPLAINT

Plaintiff Kimberly Hyde-Rhodes includes Ted J. Rhodes as a co-plaintiff, even though she has been advised that she cannot represent another pro se plaintiff, and that Ted Rhodes' signature must appear on the pleading to indicate his assent to the pleading. *See* Initial Review Order in Case No. 4:20-cv-00597-BLW, *Hyde-Rhodes v. Jefferson County*. The Amended Complaint in this matter is signed by neither plaintiff. Dkt. 76. For these reasons, the Court does not consider Ted J. Rhodes a party or plaintiff in this matter.

Plaintiff's Amended Complaint includes only the following allegations to show that Judge Crowley is not entitled to judicial immunity:

> Judge failed to obtain original jurisdiction as there was an incorrect service of process within CV-2018-537, CV26—19-0836, CV26-19-0463, and CV26-19-0419. There were violations of my Bill of rights, substantiary due process: 5th + 14thth Amendment Rights, Appeal Rights, Fundamental fairness, Freedom of Info Act. ADA & disability rights, right to representation, right to a expedient trial, fair hearing.

Dkt. 76, p. 4 (verbatim).

Plaintiff asserts that Judge Crowley did not have personal jurisdiction over her because she was not properly served with process. However, in *Ashelman*, the United States Court of Appeals for the Ninth Circuit made it clear that "to determine if the judge

**MEMORANDUM DECISION AND ORDER - 9**

acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." 793 F.2d at 1076. Service of process is a personal jurisdiction issue. In particular, "[w]here not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party." *Id*.

The Court takes judicial notice that the Honorable Robert Louis Crowley, Jr., was admitted to the Idaho State Bar as a licensed attorney on September 23, 1977.[4] At all times relevant to Plaintiff's causes of actions, he was serving as a magistrate judge in the Seventh Judicial District Jefferson County Magistrate Court in Rigby, Idaho. Nothing in the record reflects that he was not a licensed attorney at any time during the course of his magistrate duties.

Here, the Court concludes that, based on the Idaho statutes governing subject matter jurisdiction cited above, Judge Crowley had subject matter jurisdiction over Plaintiff's state court actions:

- CV-2018-537 is a Child Protection Act (CPA) action, the subject of which are Plaintiff's minor children, K.H. and R.H., who were placed in a state guardianship after it was determined that they were not receiving adequate care in Plaintiff's home. *See* I.C.A.R. 5(b)(2).

- CV26-19-0836 is a joint petition for guardianship of Petitioner's two minor children, K.H. and R.H., filed by Misty Welker (Petitioner's adult daughter) and Michael

---

[4] *See* Idaho State Bar Attorney Roster Search at https://isb.idaho.gov/licensing-mcle/attorney-roster-search/.

**MEMORANDUM DECISION AND ORDER - 10**

> Welker (Petitioner's son-in-law) on November 6, 2019. *See* I.C.A.R. 5(c)(2).
>
> - CV26-19-0463 is a child support case filed by the state of Idaho against Plaintiff for support of her minor children who are under state guardianship.[5] *See* I.C.A.R. 5(b)(2).
>
> - CV26-19-0419 is a child support case filed by the state of Idaho against Plaintiff for support of her minor children who are under state guardianship.[6] *See* I.C.A.R. 5(b)(2).

Plaintiff has not shown that Judge Crowley acted in the absence of all jurisdiction. *See Mireles*, 502 U.S. at 11.

The other possibility for overcoming judicial immunity is to show that the judge performed a nonjudicial act. None of Plaintiff's allegations show that this is plausible. Determining service of process, ruling on a party's rights under the federal Constitution's Bill of Rights (including both substantive and procedural due process issues), determining appeal rights, exercising "fundamental fairness," determining whether to

---

[5] *See* Idaho Supreme Court Repository at https://mycourts.idaho.gov/odysseyportal/Home/Workspace Mode?p=0.

[6] *See* Idaho Supreme Court Repository at https://mycourts.idaho.gov/odysseyportal/Home/Workspace Mode?p=0.

**MEMORANDUM DECISION AND ORDER - 11**

grant Freedom of Information Act requests,[7] ruling on ADA & disability rights claims,[8] determining whether a pro se plaintiff has a right to representation, determining a party's right to an expedient trial, and making rulings consistent with fair hearing principles are all within the regular course of actions a state court may or must take while administering and presiding over judicial proceedings. The Court concludes that Judge Crowley's actions were judicial acts taken within the course of the judicial proceedings over which Judge Crowley had subject matter jurisdiction via assignment under Idaho law.

Accordingly, because Plaintiff has not shown that Judge Crowley should not be afforded judicial immunity regarding her claims, her Amended Complaint will be dismissed with prejudice. No further leave to amend will be granted, and the Clerk of Court shall accept nothing further for filing in this case except a notice of appeal. Plaintiff is notified that anything further submitted to the Clerk of Court for filing other than a notice of appeal will be destroyed rather than returned to her.

---

[7] The state courts have jurisdiction over their own "freedom of information" requests, *see, e.g.*, I.C. § 74-102, governing "transparent and ethical government" and the right to examine public records. Plaintiff has made no plausible allegations that the state court granted federal Freedom of Information Act requests, which govern release of information to the public from federal agencies. *See* 5 U.S.C. § 552. The state court was free to deny such requests as being outside their jurisdiction.

[8] *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990) ("we conclude that Congress did not divest the state courts of their concurrent authority to adjudicate [civil actions brought under Title VII of the Civil Rights Act of 1964]"); *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir.1997) ("State courts have concurrent jurisdiction over ADA claims"); *Jones v. Illinois Cent. R. Co.*, 859 F.Supp. 1144, 1145 (N.D.Ill.1994) (interpreting *Yellow Freight*, "it necessarily follows that the state courts have concurrent jurisdiction over ADA claims as well").

**MEMORANDUM DECISION AND ORDER - 12**

Further, for the reasons stated in the Motion to Quash Subpoena, and because this case is not proceeding, Ted Rhodes' Motion to Quash Subpoena will be granted.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's request to file an Amended Complaint (Dkt. 76) is DENIED.

2. Plaintiff's entire case is DISMISSED with prejudice.

3. Ted John Rhodes' Motion to Quash (Dkt. 74) is GRANTED, and his Motion to Strike (Dkt. 78) is GRANTED in part, to the extent that it names Rhodes as a plaintiff without his consent.

4. Defendant's Motion for Entry of Judgment (Dkt. 72) is GRANTED.

5. Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. 77) is MOOT.

6. No further leave to amend will be granted, and the Clerk of Court shall accept nothing further for filing in this case except a notice of appeal. Plaintiff is notified that anything further submitted to the Clerk of Court for filing other than a notice of appeal will be destroyed rather than returned to her.

DATED: April 2, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 13**